**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA HARDING MORRISON, | No. 16-17050 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01207-RFB-PAL |
| v. | |
| QUEST DIAGNOSTICS INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Submitted September 26, 2017**

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Patricia Harding Morrison, the surviving spouse of Tommy Morrison, appeals pro se from the district court's summary judgment in her diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2003). We affirm.

The district court properly granted summary judgment because Morrison failed to raise a genuine dispute of material fact as to whether her claims were not time-barred. *See* Nev. Rev. Stat. § 11.190 (2015) (setting forth relevant two year and three year statutes of limitations); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002) (under Nevada law, "the statute of limitations begins to run when the wrong occurs and a party sustains injuries for which relief could be sought" (citation and internal quotation marks omitted)); *Schwartz v. Wasserburger*, 30 P.3d 1114, 1117 (Nev. 2001) ("[A] personal representative inherits the benefits and burdens connected with the running of any applicable statute of limitations, measured from when the cause of action first accrued in favor of the decedent."). Contrary to Morrison's contentions, she is not entitled to tolling. *See Orr*, 285 F.3d at 780 ("[W]hen 'uncontroverted evidence proves that the plaintiff discovered or should have discovered the facts giving rise to the claim,' such a determination can be made as a matter of law." (quoting *Siragusa v. Brown*, 971 P.2d 801, 812 (Nev. 1998))).

Morrison forfeited her opportunity to appeal the denial of her motion for leave to file a second amended complaint because she did not file objections to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate

judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We reject as meritless Morrison's contentions that defendants' summary judgment brief was untimely, and that defense counsel acted improperly.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**